No. 4351 and 4426.

(Court of Appeal, Parish of Orleans.)

FREDERICK HINDERER, vs. MR. & MRS. F. E. HAINES.

1. As a general rule no injury can be considered irreparable when the damage or loss occasioned by the act complained of can be made good or repaired by the payment of money.
2. Where an interlocutory judgment does not cause an irreparable injury no appeal lies therefrom.

Appeal from Civil District Court, Division "C."

Merrick & Lewis & P. Gensler & R. J. Schwartz, Plaintiff and Appellee.

A. J. Rossi, Theo. Cotonio, Defendant and Appellant.

MOORE, J.  This is an appeal from an order of Court directing the sale of certain property provisionally seized, the sale having been ordered in accordance with Act No. 94 of 1900, and at the request of plaintiff, on the ground that the property provisionally seized was of a perishable nature and subject to be lost or deterioated in value pending the suit.

The motion to dismiss is based on the ground that the interlocutory order works no irreparable injury.

The motion must prevail.

If the defendant, who is the appellant here, should be successful in the suit and the writ of provisional seizure should be dissolved, the injury which he may sustain by the sale of his property thus provoked, would be compensable in money hence the injury would not be irreparable.  It is well settled that as, a general rule, no injury can be considered irreparable where the damage or loss occasioned by the act complained of can be made good or repaired by the payment of money.  State ex rel, Certing vs. Judge 104 La. 79; Schwan et al., vs. Schwan 52 A. 1193.  The appeal is dismissed.

Rehearing refused, February 10, 1908.

## ON MERITS.

1. A motion to dissolve a writ of provisional seizure on the ground that the lease and rent notes sued on were not signed by de-

fendant cannot be viewed as a dilatory exception or as a peremptory exception relative to form.

2. The purpose of such a motion is not to retard but to defeat the action, and a decision thereon practically settles the merits of the case.

DUFOUR, J. The plaintiff sued the defendants on a written lease and rent notes and took out a writ of provisional seizure. After preliminary proceedings, such as a motion for an order to sell property as perishable and one to rescind said order, exceptions of want of citation and a demand for bond for costs, the defendants filed an exception of no cause of action which was sustained as to Mrs. Haines but was not passed upon by the court so far as Haines was concerned.

On January 2nd, 1908, judgment by default was entered against Haines. On the next day, he filed a rule to set aside the provisional seizure on the ground that he did not sign the lease and rent notes and, from a judgment making the rule absolute this appeal has been taken.

In this Court, the appellant relies for reversal on the following grounds: First. That defendant is estopped from urging the plea set forth in the rule to dissolve, and that such a plea, though put in the form of a rule, is a dilatory exception, or a peremptory exception relating to form, and should have been pleaded before issue joined.

2nd. That Haines' wife acted as his agent and he is therefore liable.

3rd. That the obligation contracted for is for necessaries of defendant, his wife and family, and that the debt sued on is a community debt for which the husband is liable.

When the motion to dissolve was made, Haines' exception of no cause of action had not been passed upon and hence the default was premature. But were this otherwise, the rule can in no sense be viewed as a dilatory proceeding, its purpose was not to retard, but to defeat the claim and its decision practically settled the merits of the case.

In reference to the estoppel suggested but not pleaded, we are unable to find any ground for its support, there is nothing in the preliminary proceedings to preclude the right to dissolve the seizure.

The evidence is conclusive that Mrs. Haines was not authorized

194

to act as her husband's agent or to make any contract in his name.

The right to recover for necessaries furnished to the wife and family is not presented in this suit which is based on a contract of lease and rent notes executed by an alleged agent. There is nothing in the record to show that the house leased was a necessary or, that the husband had failed to provide te adequate means of support. It may be that, on this score, plaintiff may have, a cause of action on a *quantum meruit*.

The district judge properly refused to allow attorney's fees for the dissolution of the writ; the grounds for dissolution practically involved the merits and had no reference to informalities.

With the understanding that the judgment does not prejudice plaintiff's assertion of any claim he may have against F. E. Haines for the value of the occupancy of the house as a necessary, the judgment is affirmed.

April 20, 1908.

Rehearing refused, June 8, 1908.